## Sam Cohen, Appellant, v. Louis Ets-Hokin, Appellee.

### Gen. No. 25,472.

1.  BILLS AND NOTES, § 433*—*how intention not to be guarantor must be shown.* Under the Negotiable Instruments Act of 1907 (Hurd's Rev St. ch. 94, sec. 81, J. & A. ¶ 7702), one signing his name to a note otherwise than as a maker, drawer or acceptor must indicate his intention not to be bound as a guarantor on the note itself, and such intention cannot be determined by parol evidence.

2.  BILLS AND NOTES, § 165*—*what is liability of payee as indorser.* A payee of a note who indorses it to a third party for his accommodation must be held only to the liability of an indorser.

3.  FRAUDS, STATUTE OF, § 19*—*when agreement of guaranty violates statute.* Where the maker of a note, after payment of a judgment against him on the note, sought contribution for half of the amount of the judgment, under the claim that he signed the note as an accommodation to a third party on a verbal agreement that the latter would secure defendant as an additional guarantor, and that the note was made out to defendant merely as a matter of form, he knowing that his signature thereon was as a joint guarantor with plaintiff, such agreement, not having been in writing, was in contravention of the Statute of Frauds.

Appeal from the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1919. Affirmed. Opinion filed October 13, 1920. Rehearing denied October 23, 1920.

JOSEPH KAMFNER, for appellant.

SAMUELS & SAMUELS, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

Appellant executed his note for $600, payable 60 days after date to the order of appellee. It was indorsed by the latter and handed to the latter's brother, Sam Ets-Hokin, since deceased, who also indorsed it and got it discounted. The note not having been paid at its maturity, judgment thereon was had against appellant, which, after levy, appellant paid. By this suit he seeks contribution for one-half of the amount of the judgment from appellee, claiming that appellant signed the note as an accommodation to Sam Ets-Hokin on a verbal agreement that the latter would procure appellee as "an additional guarantor on the note," and that the note was made out to appellee merely as a matter of form, he knowing that his signature thereon was as joint guarantor with appellant.

In his affidavit of merits appellee denies that any such agreement was made, or that he signed as a guarantor, and sets up that said note was the last of a series of similar notes, that appellant was indebted to Sam Ets-Hokin in the sum of $600, that the last previous note therefor, appellee, as indorser thereon, was required to pay, and that the note in question was given to make good appellant's default to pay said previous note. Appellee further pleads that if the claim be predicated on a verbal agreement that he was to become the guarantor or surety for another—as is the effect of the statement of claim—then it is contrary to the Statute of Frauds requiring such a contract to be in writing.

The trial was without a jury, and the court's finding was against appellant.

Under the Negotiable Instruments Act of 1907 (sec. 81, ch. 94, Hurd's Rev. St. 1917, J. & A. ¶ 7702) "a person placing his signature upon an instrument otherwise than as maker, drawer or acceptor is deemed to be an indorser, unless he clearly indicates by appro-

priate words his intention to be bound in some other capacity." Such an intention must be indicated on the note itself and is not to be determined by parol evidence. (*Lyons Lumber Co. v. Stewart,* 147 Ky. 653; *Haddock, Blanchard & Co. v. Haddock,* 192 N. Y. 499.) Appellant urges that parol testimony was competent to show the actual relation of the parties to the note, whether principal and surety or cosureties, citing decisions rendered prior to the passage of said act of 1907, which, as held in *Tucker v. Mueller,* 287 Ill. 551, changed the rule announced in those decisions, the court saying that a person indorsing a note in blank on the back, at or before the time of its delivery to the payee, must be held only to the liability of an indorser. The same rule must obtain, we think, in the case at bar where the payee of a note indorses it and delivers it to a third party for his accommodation.

If, therefore, plaintiff's claim requires parol proof of a different intention than that which the note under the Negotiable Instruments Act must be construed to show, it cannot be enforced. And if his claim rests on a verbal agreement for a guaranty made with defendant's brother, for whose benefit the note was made and indorsed, as is pleaded, or even if made with defendant himself, then plainly the agreement, not being in writing to that effect, is in contravention of the Statute of Frauds.

But were we permitted to consider such oral evidence, we cannot say, contradictory as it is, that if the court decided the case on the evidence and not the law its finding was manifestly against the weight of the evidence.

Nor is the conclusion of the court, whether on such evidence, or the laws above stated, affected by the error, if any, in the refusal of the court to hold as the law of the case the proposition submitted by plaintiff.

*Affirmed.*

GRIDLEY and MATCHETT, JJ., concur.